Scott N. Auby (State Bar No. 168461)
   snauby@debevoise.com
David W. Rivkin (*pro hac vice*)
   dwrivkin@debevoise.com
Natalie L. Reid (*pro hac vice*)
   nlreid@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
TEL: (212) 909-6000; FAX: (212) 909-6836

Eve Wagner (State Bar No. 126471)
   ewagner@swattys.com
SAUER & WAGNER LLP
1801 Century Park East, Suite 1150
Los Angeles, California  90067
TEL: (310) 712-8100; FAX: (310) 712-8108

*Attorneys for Plaintiff Overseas Private Investment Corporation*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

-----------------------------------------------------x

| | |
|---|---|
| OVERSEAS PRIVATE INVESTMENT CORPORATION, | **Case No. 12-CV-10860-GW (VBKx)** |
| Plaintiff, | **DECLARATION OF ROBERT O'SULLIVAN IN SUPPORT OF REPLY TO THE OPPOSITION TO APPLICATION FOR RIGHT TO ATTACH ORDER** |
| -against- | |
| UHL HOLDINGS, LTD. (FORMERLY UNIWORLD HOLDINGS, LTD.) | Date: March 26, 2013 |
| Defendant. | Time: 10:00 a.m. |
| | Place: Courtroom 590, 5th Floor, Roybal Federal Building |

-----------------------------------------------------x

ROBERT O'SULLIVAN, an attorney duly admitted to practice in the District of Columbia, affirms under penalty of perjury as follows:

1. I am the Acting Deputy General Counsel and Associate General Counsel, Insurance and Claims, for Overseas Private Investment Corporation ("OPIC").

2. I have reviewed the Memorandum of Points and Authorities in Opposition to Application For Right to Attach Order ("Opp.") and the supporting Declaration of Serba Ilich ("Ilich Decl."), submitted by Defendant UHL Holdings, Ltd. ("UHL").

3. I submit this declaration in support of OPIC's Reply to the Opposition to Application for Right to Attach Order, and to address certain inaccuracies in UHL's opposition papers. I am fully familiar with the facts and matters set forth herein. The facts in this declaration are based upon my personal knowledge.

4. In his declaration, Mr. Ilich states that UHL "promptly advised [OPIC] of the wrongful calling" of the performance bond by the Privatization Agency of the Republic of Serbia ("Agency"), but OPIC "did not immediately pay UHL under the insurance policy." Ilich Decl. ¶ 9. Mr. Ilich is referring to correspondence from UHL's Serbian counsel to OPIC in May 2005, in which UHL notified OPIC of its intent to make a claim under the Insurance Contract for

1   an allegedly wrongful calling that had taken place nine months earlier, in August
2   2004.  *See* Declaration of Robert O'Sullivan in Support of Application for Right
3   to Attach Order and Writ of Attachment, Dec. 19, 2012 ("First O'Sullivan Decl.")
4   Ex. 3 at 26.

5        5.    The Insurance Contract, however, does not permit immediate
6   payment merely because an insured notifies OPIC of a calling it believes to be
7   wrongful.  Rather, the insured must either show that the dispute resolution
8   process called for in the underlying contract determined that the calling was
9   wrongful or provide evidence that it was impossible to obtain such a
10  determination in a timely fashion due to circumstances identified in the Insurance
11  Contract.  *See id.* Ex. 4 §§ 2.01, 4.01.  Whether UHL had a valid insurance claim
12  would therefore depend on the conduct and outcome of an arbitration proceeding
13  against the Agency.  OPIC attempted to remind UHL of these terms and
14  conditions of the Insurance Contract at the time, but its letter to UHL was
15  returned to sender.  *Id.* Ex. 3 at 26.  In any event, UHL evidently understood these
16  requirements, as it pursued its arbitration against the Agency and eventually
17  submitted a claim to OPIC after obtaining a holding in its favor.

18       6.    In discussing that arbitration proceeding, Mr. Ilich asserts that during
19  the pendency of the arbitration "OPIC provided virtually no assistance to UHL,
20  either in connection with the arbitration or in using its powers as an agency of the

1  U.S. Government to have the Agency act in accordance with its contracts and
2  with international law." Ilich Decl. ¶ 11.
3      7.    Mr. Ilich does not disclose, however, that at no point during its
4  arbitration against the Agency did UHL request OPIC to provide assistance of
5  any kind.  In fact, although the Insurance Contract required UHL to "keep OPIC
6  informed as to all relevant developments" regarding the Agency's calling of the
7  bond and the ensuing arbitration, OPIC did not hear from UHL again until
8  January 2008, when Mr. Ilich informed me that UHL intended to submit its
9  insurance claim.  *See* First O'Sullivan Decl. Ex. 4 § 9.  (As noted in the March
10  21, 2008 Memorandum of Determinations regarding UHL's claim, OPIC
11  ultimately decided to waive UHL's non-compliance with the notice provisions of
12  the Insurance Contract.  *See id.* Ex. 3 at 26.)
13      8.    In its opposition papers, UHL states that it never received
14  compensation from the Agency for the wrongful calling of the bond.  *See, e.g.*,
15  Ilich Decl. ¶¶ 22–23; Opp. at 7–8.  This assertion is inconsistent with UHL's
16  submissions to OPIC in connection with its insurance claim, in which it
17  confirmed that the compensation awarded under the arbitration award, including
18  damages for the wrongful calling, had been transferred but was inaccessible to
19  UHL because it was frozen in Serbia.
20

9. UHL submitted its insurance claim to OPIC for the wrongful calling of the performance bond in late January 2008. In the accompanying letter dated January 29, 2008, attached as **Exhibit 1** to this Declaration, UHL's counsel explained that among other holdings, the arbitration award granted UHL's claim for the wrongful calling of the performance bond and that "Uniworld has undertook its best effort to enforce the Arbitration award, but without success [so] far." Ex. 1, at 10.

10. In a subsequent letter dated February 25, 2008, attached as **Exhibit 2** to this Declaration, UHL's counsel provided an overview of events that transpired after the issuance of the award in May 2007. UHL's counsel explained that UHL had "filed with the Commercial Court in Belgrade a request to enforce the Award," and that the Commercial Court "granted this request and ordered the transfer of money from the bank account of the Agency" to UHL's Serbian account. Ex. 2, at 12. UHL's counsel further explained that the Agency obtained an injunction "to block and freeze that money" pending the resolution of annulment proceedings, and therefore UHL "did not get the money awarded by the Arbitration Award and it is uncertain when and if it will get it." *Id*. at 13–14.

11. OPIC processed the insurance claim and paid $1,980,000 to UHL on the basis that UHL had not obtained the amount awarded for the wrongful calling

5

1 because that compensation, as well as damages awarded on other claims, was
2 frozen in UHL's Serbian account.

3     12. Mr. Ilich asserts in his declaration that after UHL notified OPIC that
4 the funds previously frozen in its Serbian bank account were released in July
5 2011, OPIC "continued to take no direct formal action to collect the funds owed
6 to OPIC." Ilich Decl. ¶ 26. Mr. Ilich also discusses the separate Srbija Turist
7 matter and claims that he "considered the $900,000 due from OPIC to UHL under
8 the Srbija Turist insurance policy to be an offset against the $1,980,000
9 reimbursement assigned to OPIC under the Putnik insurance policy." *Id*. at ¶ 35.

10     13. Mr. Ilich's assertions are unfounded. After learning that the frozen
11 funds in Serbia have been released, OPIC immediately requested repayment from
12 UHL and thereafter continued to assert its right under the Settlement Agreement
13 to collect from UHL. In that process, OPIC made it clear to UHL that the
14 settlement of the separate Srbija Turist matter would have no effect on OPIC's
15 request for repayment.

1  14. In my first declaration submitted in this matter, I noted OPIC's correspondence with UHL, both from myself and from outside counsel, requesting repayment. First O'Sullivan Decl. ¶ 16 & Exs. 21–23. In addition, I wrote to Mr. Ilich in a letter dated December 15, 2011, attached as **Exhibit 3** to this Declaration, regarding the Srbija Turist settlement negotiations. I emphasized OPIC's intent to enforce its repayment claim against UHL for the full $1,980,000 owed and advised Mr. Ilich to "take into account the need to honor OPIC's claim against Uniworld" when "assessing the financial adequacy of any settlement offer."

15. OPIC therefore made it clear to Mr. Ilich that it would pursue its claim against UHL for repayment of the $1,980,000, and that its claim would be unaffected by settlement negotiations or any subsequent settlement agreement between UHL and the Government of Serbia in the Srbija Turist matter.

Executed this 18th day of March 2013 in Washington, DC.

By: /s/ Robert O'Sullivan

Robert O'Sullivan

7