# EXHIBIT 1

# LOJPUR & PARTNERS
## LAW OFFICE

**KNEZA MILOŠA 53, 11000 BEOGRAD, SERBIA**
**PHONE & FAX: (+381 11) 306-5512, 264-3927**
e-mail: office@lojpur-advokati.org

Aleksandar Lojpur
Sofija Francuski Levi
Nenad Rudović
Ana Stojnić

Overseas Private Investment Corporation
1100 New York Avenue, N.W.
Washington D.C. 20527-001

Attn.: Mr. Robert O'Sullivan
Associate General Counsel

Belgrade, January 29, 2008

Dear Mr. O'Sullivan,

Re: **Application for Compensation by Uniworld Holdings Ltd.,**
**OPIC Contract of Insurance No. F 448**

1. On the basis of OPIC Contract of Insurance No. F 448 against wrongful calling, concluded between OPIC and Uniworld Holdings, Ltd on March 31, 2004 (the "Contract"), I, the undersigned, Aleksandar Lojpur, lawyer from Belgrade, Serbia, am submitting the present Application for Compensation, on behalf of the insured, Uniworld Holdings Ltd.

2. Acting on behalf of Uniworld Holdings Ltd, (the "Insured" or "Uniworld") my predecessor, Dr. Radoje Prica, has submitted request for compensation based on the OPIC Contract for Insurance No. 448, for wrongful calling of the first performance bond described in section 1.01.2 of the Contract. With his application to OPIC Dr. Prica submitted the Request for Arbitration filed by Uniworld against the Privatization Agency of the Republic of Serbia (the "Agency") dated April 15, 2005, with its Amendment, dated May 13, 2005 and all enclosures, before the International Court of Arbitration of the International Chamber of Commerce (ICC) in Paris, case No 13798/AVH.

3. One of the claims of Uniworld against the Agency before the Arbitration was payment of US $ 2,200,000 collected by the Agency from Uniworld's account with Reiffeisen Bank in BELGRADE, by the wrongful call of the Performance Bond No. 150-60-123-0 of June 23, 2003.

4. As acknowledged by OPIC in correspondence between OPIC and President and CEO of Uniworld, Mr. Serba Ilich, (letters of OPIC dated October 28, 2005, January 14, 2008 and January 16, 2008) OPIC has been informed of the following: 1) that Arbitration Council of ICC issued Award dated April 27, 2007 adopting, among others, claim of Uniworld mentioned above

1   *continue and end on page 2*

EXHIBIT 1
9

> *OPIC Contract No. F 448 - Application for Compensation, January 29, 2008, page 2*

under point 3 of the present Application; 2) Although Agency and Uniworld stipulated in the core Agreement on purchase of 70% of socially owned shares of the company named "Putnik" that decision of the Arbitration of ICC will be final and binding, the Agency failed to pay as ordered by the Award; 3) Uniworld has undertook its best effort to enforce the Arbitration Award, but without success do far.

5. On the basis of the above mentioned we conclude that pursuant to Section 2.01(a) of the OPIC contract upon which the present application is based on, Uniworld as Insured has submitted a claim of wrongful calling to the International Arbitration Court of ICC as stipulated in the core contract with the Agency. Despite Insured's best efforts to enforce the holding awarded to him by the Award of the Arbitration Council of ICC, the Agency failed to pay to the Insured the amount awarded within three months of the date of the holding.

6. Therefore, pursuant to Sections 1.02.3. and 2.01(a) of the OPIC contract, the present application is for compensation in the amount of US $ 1,980,000.

7. Should OPIC require any additional explanation, please do not hesitate to contact the undersigned.

Best regards,

*[signature]*

Aleksandar Lojpur

Sent via e-mail on Jan. 29, 2008

2

EXHIBIT 1
10

# EXHIBIT 2

# LOJPUR & PARTNERS
## LAW OFFICE

KNEZA MILOŠA 53, 11000 BEOGRAD, SERBIA
PHONE & FAX: (+381 11) 306-5512, 264-3927
e-mail: office@lojpur-advokati.org

Aleksandar Lojpur
Sofija Francuski Levi
Nenad Rudović
Ana Stojnić

Overseas Private Investment Corporation
1100 New York Avenue, N.W.
Washington D.C. 20527-001

Attn.: Mr. Robert O'Sullivan
Associate General Counsel

Belgrade, February 25, 2008

Dear Mr. O'Sullivan,

Re: **Additional information in the matter of Application for Compensation by Uniworld Holdings Ltd., OPIC Contract of Insurance No. F 448,**

Dear Mr. O'Sullivan,

Pursuant to my Application submitted on January 29, 2008 on behalf of Uniworld Holdings here is a brief recap of the events since the arrival of the Arbitration Award in Belgrade on May 4, 2007.

The Arbitration Award was delivered to all parties on May 4, 2007.

Immediately upon receiving the Award, UH (Uniworld Holdings) initiated efforts to persuade the Agency for Privatization to honor the Award and pay to UH the amounts determined in the Award. In May and June of 2007 several letters were sent to the Agency and there were several meetings at the Agency, including one with the Director of the Agency, which was set up by the US Embassy in Belgrade. The Agency made its position clear: they would not pay and would seek the annulment of the Arbitration Decision in Belgrade Commercial Court.

When these efforts failed UH filed with the Commercial Court in Belgrade a request to enforce the Award (Commercial Court, case No. III-I-1615/07).

Commercial Court granted this request and ordered the transfer of money from the bank account of the Agency to the account of Uniworld Holdings at Reiffeisen bank in Belgrade (Commercial Court Enforcement Decree No. III-1-165/07 of July 9, 2007.)
However, at the request of the Agency, the Court postponed that enforcement for 90 days.

In the meantime, on July 2, 2007, the Agency's lawyers filed with the Commercial Court in Belgrade request for the Annulment of the Arbitration Award (Case IV – P – 5377/07).

*continue on page 2*

1

EXHIBIT 2
12

> *OPIC Contract No. F 448 – Additional Information, February 25, 2008, page 2*

On July 26, the Government of Serbia, issued a Conclusion (Zakljucak) by which it approved the payment to UH as per the Award and gave concrete instructions to the Agency. You have a copy of this Zakljucak. The Agency advised UH of this Conclusion and provided it with a copy. The Agency requested UH to sign a statement that it will not demand any interest beyond July 31, 2007, promising that it would pay within a few days of the receipt of such a written statement. UH provided that statement as requested – but there was no payment. Further communications with the Agency were cut off; they would no longer respond to telephone calls or any other attempt for communication from UH.

After the court approved 90-day postponement expired, at the end of October 2007, UH expected the Agency to allow the payment as per previous court order as well as per Government Conclusion of July 26, 07. Instead of doing so, the Agency requested from the Commercial court an injunction (a Stay Order, in Serbian -"Privremena Mera") to block and freeze that money pending the outcome of their request for the annulment of the Arbitration Award. The Court granted that request.

The Court issued the Stay Order without hearing, without giving to UH a chance to oppose the request and present its own argument, without even notifying UH. UH found out about it from other sources.

UH appealed to the Higher Commercial Court of Serbia but the Higher Court upheld and confirmed the Stay Order.

The first hearing on the Agency request for the annulment was scheduled for March 3, 2008, despite UH appeal for the urgency. We are almost certain this hearing will be postponed and this process dragged as long as possible.

It may take one to three years until this litigation is concluded by the final judgment of the Higher Commercial Court of Serbia. And even if the final judgment is in favor of UH, that is the request for the annulment is denied, we suspect that the Agency will push to a higher level – the Supreme Court of Serbia. I personally had few cases in 2004-2006 in which Commercial Court of Belgrade and Higher Commercial Court of Serbia issued and confirmed decisions in favor of a foreign client in litigation against the Government, but the Government succeeded in having the Supreme Public Prosecutor file the extraordinary legal remedy known as "Request for the Protection of Legality" before the Supreme Court.

In my opinion, by accepting the request of the Agency to issue a Stay Order to block and freeze the enforcement of the Arbitration Award , Commercial Court broke the law which compels the courts to honor the decision of the International Court of Arbitration to which parties of the contract entrusted the decision in all disputes arising from the contract. In my opinion, the judge of the Commercial Court of Belgrade who blocked the enforcement of the Award and issued the Stay Order did so under the unlawful pressure from the Agency.

*continue and end on page 3*

> OPIC Contract No. F 448 – Additional Information, February 25, 2008, page 3

Therefore, although it undertook everything it could, UH did not get the money awarded by the Arbitration Award and it is uncertain when and if it will get it.

There were numerous other efforts, legal and of lobbying nature, many meetings and letters to influential persons including Vice Premier B. Djelic, minister of Finance M. Cvetkovic – all in the efforts to persuade the decision makers that honoring the Arbitration Decision is in not only fair but is in the interest of Serbia. Such efforts are ongoing.

I hope that the above information is helpful.

Sincerely,
Aleksandar Lojpur

3

EXHIBIT 2
14

# EXHIBIT 3

## O'Sullivan, Robert

**From:** O'Sullivan, Robert
**Sent:** Thursday, December 15, 2011 2:26 PM
**To:** serba ilich
**Cc:** De Amicis, Don; Shepard, Cindy
**Subject:** Uniworld Settlement Agreement

Dear Serba,

We hope that your settlement negotiations with the Minister of Economy and his delegation prove to be productive, but we want to be sure that there is no misunderstanding as to OPIC's firm intention to enforce our claim for return of the $1,980,000 claim payment that we made to Uniworld in 2008.

We have retained outside counsel to advise and represent us in this matter, and you will very likely be receiving a letter from them next week. Therefore, we suggest that, when assessing the financial adequacy of any settlement offer, you take into account the need to honor OPIC's claim against Uniworld.

Robert

Robert C. O'Sullivan
Acting Deputy General Counsel
Associate General Counsel for Insurance and Claims
Overseas Private Investment Corporation
1100 New York Avenue, N.W.
Washington, D.C. 20527
Tel  202.336.8420