UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10860-GW (VBKx) | Date | March 20, 2013 |
|---|---|---|---|
| Title | Overseas Private Investments Corporation v. UHL Holdings, Ltd. | | |

| Present: The Honorable | Victor B. Kenton, United States Magistrate Judge | |
|---|---|---|
| Roxanne Horan | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None Present | None Present | |

**Proceedings:** **TENTATIVE DECISION GRANTING PLAINTIFF'S APPLICATION FOR RIGHT TO ATTACH ORDER**

The Court has read and reviewed the following documents: Plaintiff's "Application for Right to Attach Order; Order for Issuance of Writ of Attachment After Hearing; [Proposed] Right to Attach Order after Hearing and Order for Issuance of Writ of Attachment (Attachment);" Plaintiff's "Notice of Application & Hearing for Right to Attach Order; Order for Issuance of Writ of Attachment;" "Memorandum of Points and Authorities in Support of Application for Right to Attach Order and Writ of Attachment in Aid of Arbitration;" "Declaration of Robert O'Sullivan in Support of Application for Right to Attach Order and Writ of Attachment;" Plaintiff's "Certification and Notice of Interested Parties;" "Notice to Parties of Court-Directed ADR Program;" "Notice of Pro Hac Vice Application & Filing Fee Due;" "Notice of Pro Hac Vice Application & Filing Fee Due;" "Standing Order re Final Pre-Trial Conferences for Civil Jury Trials Before Judge George H. Wu;" Minute Order Scheduling Hearing Date;" "Notice of Lodging of Proposed Order;" "Memorandum in Further Support of Application for Right to Attach Order and Writ of Attachment in Aid of Arbitration;" "Ex Parte Application for Continuance of Hearing on Application for Right to Attach Order and for New Briefing Schedule (Submitted Concurrently: Declarations of Mark S. Shipow and Serba Ilich and Exhibits in Support of Application; Proposed Order);" Defendant's "Certification and Notice of Interested Parties;" "Order on "Ex Parte Application for Continuance of Hearing on Application for Right to Attach Order and for New Briefing Schedule;" "Memorandum of Points and Authorities in Opposition to Application for Right to Attach Order;" "Declaration of Serba Ilich in Support of Defendant's Opposition to Opposition to Application for Right to Attach Order;" "Declaration of Mark Shipow in Support of Defendant's Opposition to Opposition to Application for Right to Attach Order;" and "Memorandum of Points and Authorities in Reply to Opposition to Application for Right to Attach Order."

**INTRODUCTION**

Plaintiff Overseas Private Investment Corporation ("OPIC") is an agency of the United States Government officed in Washington, D.C. (Declaration of Robert O'Sullivan ["O'Sullivan Decl."], ¶ 2.) Defendant UHL Holdings, Ltd, formerly known as Union World Holdings, Limited ("UHL") is a corporation organized and existing under the laws of the State of California with a registered address in Los Angeles, California (O'Sullivan Decl., ¶ 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10860-GW (VBKx) | Date | March 20, 2013 |
|---|---|---|---|
| Title | Overseas Private Investments Corporation v. UHL Holdings, Ltd. | | |

OPIC is Claimant and UHL is Respondent in an arbitration proceeding filed on December 19, 2012 to be administered by the American Arbitration Association pursuant to international arbitration rules ("future arbitration"). (O'Sullivan Decl., ¶ 17.)

On March 31, 2004, OPIC and UHL entered into a "Policy of Guarantee Insurance Against Wrongful Calling" ("insurance contract"). (O'Sullivan Decl., Exhibit ["Ex."] 4.)

Under the insurance contract, OPIC insured UHL against a portion of risk based on wrongful calling of performance bonds issued in connection with UHL's investment in the Republic of Serbia, which involved the purchase of a majority interest in a company referred to as "Putnik." This was the only obligation which OPIC agreed to assume, although the parties had signed a commitment letter on March 31, 2004 for a policy that would have covered UHL's equity investment in Putnik. (Id., Ex. 5.) That coverage was not taken by UHL.

UHL obtained an International Chamber of Commerce arbitral award ("ICC award") against the Agency which required repayment of the performance bond, among things. (Id., ¶ 9.) Pursuant to the ICC award, the Agency deposited the equivalent of $8.055 million in Serbian dinars into UHL's Serbian bank account in 2007. As UHL concedes in its Opposition, this amount covered the full amount of the performance bond and other damages owed by the Agency to UHL. The Agency then immediately froze those funds and challenged the ICC award in Serbian courts. (Id., Ex. A; see also Opposition at 6: "At the time, the transferred dinars were worth $8,244,000, which covered all three damage items enumerated in the [ICC] award."). This sum included the full damages due based on the wrongful calling of the performance bond.

Following the freezing of the funds, UHL submitted an insurance claim to OPIC in January 2008 seeking payment of 90% of the value of the wrongfully called performance bond. (O'Sullivan Decl., ¶ 9, Ex. 3, Ilich Declaration ["Ilich Decl."], ¶ 15, Opposition at 6.) OPIC paid UHL the $1.98 million due under the insurance policy.[1] The parties do not dispute this. The terms of this payment are commemorated in a settlement agreement between the parties dated March 31, 2008 (Id., Ex. 7) ("settlement agreement"). The settlement agreement was signed by Mr. Ilich on behalf of UHL. (Id., ¶ 10.)

Pursuant to the settlement agreement, UHL transferred to OPIC all of UHL's right, title and interest in all accrued but unpaid compensation related to the wrongful calling of the performance bond, including its right to receive money due or to become due as a result of the ICC award. (Id., Ex. 7, ¶ 2(a).) Any excess amounts which might be recovered by UHL would belong to UHL.

The most important term of the settlement agreement as it pertains to this attachment proceeding is that in exchange for the insurance funds which UHL received from OPIC, UHL gave up its portion of the ICC award relating to the wrongful calling of the performance bond, by assigning all rights in that portion of the funds to OPIC. The parties do not dispute this meaning of the settlement agreement. (See Ilich Decl., ¶ 18;

---

[1] The insurance is for 90% of the amount of the bond. Thus, the payment by OPIC of $1.98 million.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10860-GW (VBKx) | Date | March 20, 2013 |
|---|---|---|---|
| Title | Overseas Private Investments Corporation v. UHL Holdings, Ltd. | | |

Opposition Memorandum at 5; O'Sullivan Decl. ¶ 10.)

The parties each credit themselves with substantial efforts which, in July 2011, led to a successful release of the funds to UHL. The value of the unfrozen funds in U.S. dollar terms had declined to approximately $5.07 million due to depreciation of the Serbian dinar. (Opposition at 7.) After UHL received the unfrozen funds, it transferred the money to the United States free of encumbrances, but to date, UHL has not repaid OPIC any amount of the claimed compensation amount.

## ANALYSIS

In order to obtain an Order of Attachment, OPIC must satisfy the following elements pursuant to California law:
1. The claim upon which the attachment is based is one upon which an attachment may be issued, C.C.P. § 484.090(a)(1);
2. The probable validity of the claim, C.C.P. § 484.090(a)(2);
3. The attachment is not sought for a purpose other than the recovery of the claim upon which the attachment is based, C.C.P. § 484.090(a)(3);
4. The amount to be secured by the attachment is greater than zero, C.C.P. § 484.090(a)(4); and
5. The future arbitration award may be rendered ineffectual without provisional relief, C.C.P. § 1281.8(b).

UHL's opposition is primarily based upon its contention that OPIC cannot establish the probable validity of the claim, and to a lesser extent, that OPIC cannot establish that the future arbitration award which it may receive may be rendered ineffectual without provisional relief. With regard to the first, the probable validity of the claim, it is certainly the case that OPIC's claim ultimately will be decided by the arbitration tribunal which will be appointed pursuant to the settlement agreement. This Court does not make a final determination of the issues involved in the arbitration; rather, it must determine whether OPIC will more likely than not succeed in the arbitration dispute.

As an insurer, OPIC agreed to bear a certain risk; that is, in connection with UHL's investment in Putnik, that the Agency might wrongfully call a performance bond in the amount of $2.2 million put up by UHL. OPIC bore no other risks based on any wrongful actions of the Agency or any other Serbian government entity. If UHL's contention is that OPIC bore the risk of currency depreciation, no support for that argument is found in the insurance agreement between UHL and OPIC. It would seem, instead, that UHL's primary claim is that it has never been compensated for the loss pertaining to the wrongful calling of the performance bond. That contention, however, is substantially if not fatally undermined by UHL's admission in the Opposition that it received enough funds, which were then deposited into its account in Serbia, which covered all three damage items in the ICC award. This included compensation for the wrongful calling of the performance bond. UHL's argument is that the actual value of the funds in U.S. dollars at the time they were unfrozen in 2011 does not cover compensation for the performance bond, because of a claimed priority of payment set forth in the ICC award. Although each of the ICC arbitral tribunal's holdings on the different claims made by UHL appears in a different numbered paragraph, and the wrongful calling claim comes last, the Court is entirely unpersuaded that this establishes a priority of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10860-GW (VBKx) | | Date | March 20, 2013 |
|---|---|---|---|---|
| Title | Overseas Private Investments Corporation v. UHL Holdings, Ltd. | | | |

payment of any kind. UHL puts forward nothing to persuade the Court that the ICC arbitral tribunal intended there to be a priority of payments. The Court finds UHL's argument (see Ilich Decl., pp. 4-5, ¶ 12) to be unsupported. Furthermore, during the years that the funds were frozen, Mr. Ilich, writing on behalf of UHL, communicated to OPIC on several occasions that once the funds were unfrozen, OPIC would be repaid. (See O'Sullivan Decl., Exs. 15-17.) For example, in very plain English, on June 8, 2010, Mr. Ilich strongly encouraged OPIC to continue its efforts to free the funds, stating that OPIC "should demand the freeing of that money because $2M of that money is U.S. money." (Ex. 16.) On November 30, 2010, Mr. Ilich noted that in 2008 OPIC had paid UHL $1.98 million for the wrongful calling of the performance bond and he plainly stated, "This is now UHL's obligation to OPIC. As soon as UHL gets the money it is owed by Privatization Agency based on the Arbitration Award for Putnik One - UHL will repay to OPIC the amount of $1.980.000." (Ex. 17.)

The Court has already rejected (see, supra) UHL's contention that it has not been made whole after the unfreezing of the funds because it did not ultimately "receive" sufficient funds to cover its obligations to OPIC because of a supposed priority in the arbitral award. Similarly, the Court rejects UHL's argument that it must be "made whole" by receiving full dollar compensation for all of its losses before it must pay OPIC. (See Opposition at 14.) UHL's cited cases relying on equitable subrogation are inapposite, because, as OPIC points out, under controlling New York law, the "made whole" doctrine and other principles pertaining to equitable subrogation do not apply to contractual disputes which involve clearly established and defined assignment rights. (See Memorandum of Points and Authorities in Reply to Opposition, and cases cited therein, at pp. 10-11.)

In addition, it is clear that the contractual agreement between OPIC and UHL required OPIC to only bear risk of loss if there was a wrongful calling of the performance bond. OPIC did not assume any other losses, such as freezing the funds, or depreciation of currency. As UHL concedes, at the time the agency deposited funds into its Serbian account in satisfaction of the ICC award, there were sufficient funds to cover the wrongful calling of the performance bond in addition to the other parts of the award based on UHL's claims. Even judged by the value in U.S. dollars of the funds in the account at the time they were unfrozen, which is over $5 million, this exceeded the amount of UHL's obligation to OPIC. Again, because UHL has not demonstrated to the Court that there should be a priority of awards, the Court concludes that there were sufficient funds at the time of the unfreezing of the account to satisfy UHL's obligation to OPIC.[2]

UHL also contends that OPIC had an obligation to pursue a separate claim against the Agency, but this contention is entirely contrary to the provisions of the settlement agreement between the parties. (See O'Sullivan Decl., Ex. 7, ¶ 7(b).) Under these terms, by which OPIC paid UHL $1.98 million, OPIC had no obligation to proceed against the Agency.

With regard to UHL's argument that it is entitled to a set-off against OPIC for $900,000 that was alleged to be due from OPIC to UHL for wrongful calling of a Srbija Tourist bond (see Ilich Decl., ¶ 40), that claim

---

[2] In any event, the Court does not view the actual dollar value of the funds at the time they were unfrozen in 2011 to be determinative or, likely, even a relevant factor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10860-GW (VBKx) | | Date | March 20, 2013 |
|---|---|---|---|---|
| Title | Overseas Private Investments Corporation v. UHL Holdings, Ltd. | | | |

was withdrawn by UHL in February of 2012, as set out in a letter from Mr. Ilich to OPIC dated February 28, 2012. (See Ilich Decl., ¶ J.) UHL's argument that the Court should overlook the plain language of the withdrawal of its claim is without merit. UHL argues that OPIC provided no consideration for this withdrawal, but UHL points to nothing in the controlling law of the State of New York which would require that consideration be provided. Further, as Mr. Ilich concedes, UHL withdrew all its claims against OPIC because it was required to do so based on its settlement with the Serbian government.

The Court need only briefly address UHL's claim that OPIC cannot meet the fifth element required for an attachment, which is that the future arbitration award may be rendered ineffectual without provisional relief being granted by this Court. In response to this, the Court notes that in the Opposition, Mr. Ilich provides a Declaration in which he admits that UHL has already disposed of funds it received from the unfrozen bank account and that it has "very limited resources, nowhere near the amount demanded by OPIC." (Ilich Decl., ¶ 25.) The Court also notes that in seeking a continuance of the attachment hearing, counsel for UHL stated that UHL "does not currently actively conduct any business in California, and thus very rarely receives mail. It maintains no office staff. Its registered address is simply a mail drop; there are no UHL employees actually at that location. The CEO of UHL works primarily from his home, which is not located near the UHL office address." (Id. at p. 4.) All in all, the documents presented to the Court indicate that UHL may be insolvent or certainly in severe financial difficulty, so that element of the requirement of an attachment has been satisfied.

Based on the foregoing, the Court's Tentative Decision is to **GRANT** the attachment based upon the filing of a $10,000 bond by OPIC.

This Tentative Decision is provided for the assistance of counsel in preparation for the hearing in this matter. It may not be cited in this or any other case for any purpose. No supplemental documents may be filed with the Court unless they are timely and in compliance with Local Rule 37-2.3. Courtesy copies of all supplemental documents will be delivered to chambers. If both counsel wish to submit on this Tentative Decision, they should notify the Court Clerk. The matter will be taken off-calendar, and a final decision will be issued consistent with this Tentative Decision.

**IT IS SO ORDERED**.

| | : | |
|---|---|---|
| Initials of Preparer | RH | |